# UNITED STATES DISTRICT COURT
Western District of North Carolina

### Petition for Warrant for Offender Under Supervision

Name of Offender: **Gary Vincent Span**  Case Number: 0419 3:12CR00234-001

Name of Sentencing Judicial Officer: The Honorable Max O. Cogburn, Jr., U.S. District Court Judge

Date of Original Sentence: 7/16/2014   Register Number: 27615-058   PACTS Number: 23936

Original Offense:   Count 1: 18:922(g)(1); Possession of a Firearm by Convicted Felon; Class C Felony

Original Sentence:   Count 1: The defendant was originally sentenced by Your Honor on 07/16/2014 to One-Hundred and Eighty (180) months imprisonment followed by five (5) years of supervised release.

On 07/23/2015, the defendant was resentenced to "Time Served" with three (3) years of supervised release to follow. Pay a special assessment of $100.00 (PAID).

Type of Supervision:   Supervised Release   Date Supervision Commenced:  July 23, 2015

Assistant U.S. Attorney:  Elizabeth Greene   Defense Attorney:  Erin Kimberly Taylor

---

## PETITIONING THE COURT

☒ **To issue a warrant**
☐ **To issue a summons**

**BOND RECOMMENDATION:**   Detention.

The probation officer believes that the offender has violated the following condition(s) of supervision:

Violation Number | Nature of Noncompliance

1.  **DRUG/ALCOHOL USE (Date violation concluded: 11/13/2017).**
    The defendant has violated the condition of supervision that states, " The defendant shall refrain from excessive use of alcohol and shall not unlawfully purchase, possess, use, distribute or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as duly prescribed by a licensed physician," in that, the defendant admitted to using marijuana on, or about, 07/25/2015 and again on 11/13/2017. **(Grade C Violation)**

2.  **NEW LAW VIOLATION (Date violation concluded: 12/7/2017).**
    The defendant has violated the condition of supervision that states, "The defendant shall not commit another federal, state, or local crime," In that on 12/07/2017, based on investigative reports by Charlotte-Mecklenburg Police Department (CMPD), the defendant possessed and distributed approximately six (6) grams of heroin. If charged federally this would constitute a violation of 21 U.S.C. 841(a)(1). **(Grade A Violation)**

3.  **NEW LAW VIOLATION (Date violation concluded: 12/13/2017).**
    The defendant has violated the condition of supervision that states, "The defendant shall not commit another federal, state, or local crime," In that on 12/13/2017, based on investigative reports by CMPD, the defendant possessed and distributed approximately six (6) grams of heroin. If charged federally this would constitute a violation of 21 U.S.C. 841(a)(1). **(Grade A Violation)**

4. **NEW LAW VIOLATION (Date violation concluded: 12/20/2017).**
The defendant has violated the condition of supervision that states, "The defendant shall not commit another federal, state, or local crime," in that on 12/20/2017, based on investigative reports by CMPD, the defendant possessed and distributed approximately twenty-nine (29) grams of heroin. If charged federally this would constitute a violation of 21 U.S.C. 841(a)(1). **(Grade A Violation)**

5. **NEW LAW VIOLATION (Date violation concluded: 12/20/2017).**
The defendant has violated the condition of supervision that states, "The defendant shall not commit another federal, state, or local crime," in that on 12/20/2017, based on investigative reports by CMPD, the defendant directed officers to the location of approximately 14.6 grams of heroin in his mother's residence. If charged federally, this would constitute a violation of 21 U.S.C. 841(a)(1). **(Grade A Violation)**

6. **NEW LAW VIOLATION (Date violation concluded: 12/20/2017).**
The defendant has violated the condition of supervision that states, "The defendant shall not commit another federal, state, or local crime," in that on 12/20/2017, according to reports prepared by CMPD, the defendant resisted arrest by running from CMPD officers and was subsequently charged for Resisting Public Officer (17CRS246955) in violation of North Carolina General Statute 14-223. **(Grade C Violation)**

7 **NEW LAW VIOLATION (Date violation concluded: 12/20/2017).**
The defendant has violated the condition of supervision that states, "The defendant shall not commit another federal, state, or local crime," in that on 12/20/2017, according to reports prepared by CMPD, the defendant possessed a digital scale and a razor blade with heroin on it. Subsequently, he was charged by CMPD for Possession of Drug Paraphernalia (17CRS246951) in violation of North Carolina General Statute 90-113.22(A).
**(Grade C Violation)**

8. **LEAVING JUDICIAL DISTRICT WITHOUT PERMISSION (Date violation concluded: 12/20/2017).**
The defendant has violated the condition of supervision that states, "The defendant shall not leave the federal judicial district where he/she is authorized to reside without first getting permission from the Court or probation officer," in that on 12/20/2017, The defendant reported in a recorded telephone conversation to being in Concord, NC. The defendant later admitted/agreed in a post-mirandized conversation to having been in Concord on 12/20/2017. The defendant failed to obtain prior approval from the United States Probation office to travel to Concord, NC which is located outside this judicial district. **(Grade C Violation)**

U.S. Probation Officer Recommendation:

The term of supervision should be
- ☒ revoked.
- ☐ extended for  years, for a total term of  years.

It is requested that access to this document be restricted to the U.S. Attorney until service; upon notification that service has been effected the document shall be made available to case participants only.

I declare under penalty of perjury that the foregoing is true and correct.

Respectfully submitted,
By    s/ Jake Stoltenberg
     Jake Stoltenberg
     U.S. Probation Officer
     200 South College Street
     Charlotte, NC 28202-2005
     704-350-7643
     Date: March 6, 2018

Approved by:
s/ Mike Bonelli
Mike Bonelli
Supervising U.S. Probation Officer
704-350-7644

---

THE COURT ORDERS

- ☐ No Action
- ☒ The Issuance of a Warrant
- ☐ The Issuance of a Summons
- ☐ Other

Signed: March 7, 2018

David S. Cayer
United States Magistrate Judge

**OFFENDER CHARACTERISTICS:**

<u>Family</u>:  The defendant has a close relationship with his mother and sister, both of whom reside in Charlotte, NC.

<u>Employment</u>:  The defendant remained unemployed throughout the majority of his supervision with the exception of a two month period of employment with Clean Beam and a three month period of employment with Saddle Creek Logistics. The defendant reports he was terminated from both jobs. Most recently the defendant reported working on informal basis for an owner of the convenience store which is located next to his mother's residence. This officer confirmed this information with the store owner, however the regularity of this employment is unknown as the owner reported the defendant would work on an as needed basis.

<u>Financial</u>:  The defendant has no known financial problems.

<u>Health</u>:  The defendant has no known health problems.

<u>Summary of Defendant's Adjustment to Supervision</u>:  The defendant began his term of supervised release on, or about, 07/23/2015 and was assigned to United States Probation Officer (USPO) John Holiday. This officer began supervising the defendant on, or about, 07/29/2016. The defendant has admitted to smoking marijuana on two occasions, the first of which occurred two days following his release from the Bureau of Prisons. The defendant signed an admission form admitting to ingesting marijuana on 11/13/2017 and provided a written statement advising he ingested a marijuana laced pastry while at a night club.

The defendant was arrested on 12/20/2017 and charged by Charlotte-Mecklenburg Police Department (CMPD) with ten (10) counts of Trafficking Opium or Heroin (17CRS246946, 17CRS246947, 17CRS246949, 17CRS246950, 17CRS247738, 17CRS247740 17CRS247741, 17CR241742), one (1) count of Possession of Drug Paraphernalia (17CRS246951), and one (1) count of Resisting a Public Officer (17CRS246955,). This arrest occurred as the conclusion of an investigation conducted by CMPD's VICE and Narcotics Unit. According to CMPD reports, this operation consisted of three controlled buys and a search of a residence located at 1017 Belmont Ave. Controlled buys occurred on 12/07/2017 (6 grams of heroin), 12/13/2017 (6 grams of heroin), and 12/20/2017 (29 grams of heroin). The defendant was arrested following the controlled buy on 12/20/2017 and, when approached by the arresting officers, the defendant attempted to flee on foot. He was eventually apprehended and taken into custody.

During a Post-Mirandized recorded interview with CMPD Detective Sid Lackey on 12/20/2017, the defendant admitted/agreed to being in Concord, NC and traveling to his mother's residence at 1017 Belmont Ave in Charlotte, NC. He then proceeded to the location where the drug transaction took place. During the interview with Det. Lackey, he consented to a search of his mother's residence. According to CMPD reports, the search of his mother's residence resulted in an additional seizure of 14.6 grams of heroin, a digital scale and a razor blade with heroin residue on it. During this search, the defendant directed officers to the location of the heroin inside the residence. This investigation resulted in a total seizure of 55.6 grams of heroin attributable to the defendant.

The defendant's next scheduled court date in Mecklenburg County is 03/13/2018. He is currently being held on a $238,000.00 secured bond in Mecklenburg County Jail.

<u>Summary of Officer Intervention</u>:  During the course of supervision the defendant was enrolled in a two week course at the Center for Community Transitions to assist the defendant in obtaining employment. This officer also utilized Staffed Training Aimed at Reducing Risk (STARR) skills during contacts with the defendant, random Code-a-Phone drug testing and unannounced home, community and employment contacts to address the defendant's risk factors. Additionally, the defendant has been searched on two occasions while on supervision. The first search occurred while under the supervision of USPO John Holiday and the second occurred while under supervision of this officer.

<u>Prior Record</u>:  Attached is Part B of the Presentence report outlining this defendant's prior record.

**STATUTORY PROVISIONS:**

If the Court finds that the defendant has violated the conditions of supervised release, it may modify the conditions, extend the term of supervision (if less than the maximum authorized term was previously imposed), or revoke the term of supervision, all according to 18 U.S.C. § 3583(e). If the Court revokes the term of supervised release, it may require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release, without credit for time previously served on post-release supervision. Since the original offense was a Class C felony, the defendant cannot be required to serve more than two (2) years in prison on any revocation, pursuant to 18 U.S.C. § 3583(e)(3). Pursuant to the PROTECT Act of 2003, this statutory maximum term of imprisonment starts anew upon revocation of any term of supervised release.

Additionally, if the defendant possesses a controlled substance, possesses a firearm, refuses to comply with drug testing, or as part of drug testing, tests positive for illegal controlled substances more than 3 times over the course of 1 year, 18 U.S.C. § 3583(g) directs the Court to revoke supervised release and sentence the defendant to a term of imprisonment not to exceed the maximum term authorized by 18 U.S.C. § 3583(e)(3). However, the Court, acting in accordance with the sentencing guidelines, has the authority to except an offender who fails a drug test from the mandatory revocation provisions pursuant to 18 U.S.C. § 3583(d). This provision states, "...The [C]ourt shall consider whether the availability of appropriate substance abuse treatment programs, or an individual's current or past participation in such programs, warrants an exception in accordance with United States Sentencing Commission guidelines from the rule of section 3583(g) when considering any action against a defendant who fails a drug test."

Additionally, when the term of supervised release is revoked, the Court may include a requirement that the defendant be placed on a term of supervised release after imprisonment. The length of such term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release. 18 U.S.C. § 3583(h). The general supervised release statute, 18 U.S.C. § 3583(b), provides for a term of supervised release of "not more than 3 years" for a Class C felony, as involved here. Therefore, the additional term of supervised release available upon revocation is 36 months, less any term of imprisonment that is imposed upon revocation of supervised release. However, the Guide to Judiciary Policy, Vol. 8E § 650.50 (Revocation and Re-imposition of Supervised Release), indicates that an additional term of supervised release is ordinarily not to be recommended when the cumulative prison time to be served on revocation equals or exceeds the maximum prison term set forth in 18 U.S.C. § 3583(e)(3).

**GUIDELINE PROVISIONS:**

The violation listed is a Grade A violation pursuant to U.S.S.G. § 7B1.1(a)(1). According to U.S.S.G. § 7B1.3(a)(1), upon a finding of a Grade A violation, the Court shall revoke supervised release. The Revocation Table at U.S.S.G. § 7B1.4(a) provides for a guideline range of 18-24 months imprisonment for a Grade A violation with a criminal history category of III.

The violation listed is a Grade C violation pursuant to U.S.S.G. § 7B1.1(a)(1). According to U.S.S.G. § 7B1.3(a)(1), upon a finding of a Grade C violation, the Court shall revoke supervised release. The Revocation Table at U.S.S.G. § 7B1.4(a) provides for a guideline range of 5-11 months imprisonment for a Grade C violation with a criminal history category of III.

The Policy Statement of U.S.S.G. § 7B1.3(e) also recommends that the term of imprisonment be increased by the amount of time of official detention that will be credited towards service of that term under 18 U.S.C. § 3585(b) other than time resulting from the supervised release violation warrant or proceeding. Since there is no official detention adjustment necessary for the defendant, the imprisonment range is 5-11 months for the Grade C violations and 18-24 months for the Grade A violations.

Pursuant to U.S.S.G § 7B1.3(g)(2), where supervised release is revoked and a term of imprisonment is imposed, the Court may include a requirement that the defendant be placed on a term of supervised release upon release from imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release.

Submitted this 6th day of March, 2018.

           by    s/ Jake Stoltenberg
                 Jake Stoltenberg
                 U.S. Probation Officer
                 200 South College Street
                 Charlotte, NC 28202-2005
                 704-350-7643

Approved by:   s/ Mike Bonelli
                Mike Bonelli
                Supervising U.S. Probation Officer
                704-350-7644

cc:      AUSA
          Defense Counsel

# UNITED STATES DISTRICT COURT
for the
Western District of North Carolina

| United States of America | ) | |
|---|---|---|
| v. | ) | Case No. 0419 3:12CR00234- 001 |
| | ) | |
| | ) | |
| Gary Vincent Span | ) | |
| *Defendant* | ) | |

## ARREST WARRANT

To:     Any authorized law enforcement officer

**YOU ARE COMMANDED** to arrest and bring before a United States magistrate judge without unnecessary delay

*(name of person to be arrested)*  Gary Vincent Span ,

who is accused of an offense or violation based on the following document filed with the court:

☐ Indictment     ☐ Superseding Indictment     ☐ Information     ☐ Superseding Information     ☐ Complaint

☐ Probation Violation Petition     ☒ Supervised Release Violation Petition     ☐ Violation Notice     ☐ Order of the Court

This offense is briefly described as follows:  See Petition for Warrant.

City and state:   Charlotte, NC

Signed: March 7, 2018

David S. Cayer
United States Magistrate Judge

**Return**

This warrant was received on *(date)* _____, and the person was arrested on *(date)* _____
at *(city and state)* _____.

Date: _____

*Arresting officer's signature*

*Printed name and title*